## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

RAPHAEL LOVE
P.O. Box 679
Whiteville, TN 38075,

       Plaintiff,

                        Case No. _____

v.

THE CATHOLIC DIOCESE OF JACKSON
237 East Amite
Jackson, MS 39201,

FRANCISCAN FRIARS ASSUMPTION BVM PROVINCE, INC.
c/o Registered Agent James Gannon
9230 West Highland Park Avenue
Franklin, WI 53132,

PAUL WEST
c/o LeFlore County Jail
3600 County Road 540
Greenwood, MS 38930,

JAMES GANNON
9230 West Highland Park Avenue
Franklin, WI 53132, and

ST. FRANCIS OF ASSISI CATHOLIC SCHOOL
2607 Highway 82 East
Greenwood, MS 38930,

       Defendants.

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Raphael Love, by his attorneys, Phillip Aaron Law Firm and

Smith & Rowen, S.C., bringing this action under federal and state law against the Defendants for

physical, mental and other injuries caused by the Defendants' intentional, negligent, reckless and

otherwise illegal acts which include the rape, molestation, sexual abuse and violation of the Plaintiff's constitutional rights guaranteed by the federal and state constitutions, and alleges as follows:

## I. INTRODUCTION

1.      Raphael Love is a 32-year-old African American male who, from about the age of 6 to 13 years old, was molested and otherwise sexually abused and falsely imprisoned by Paul West and other Defendants while the Plaintiff attended St. Francis of Assisi Catholic School.

2.      The acts of the Defendants described herein created a hostile environment and forced Plaintiff to live and attend church and school in said hostile environment.

3.      The acts of the Defendants adversely effected Plaintiff ability to acquire the social, educational and professional skills he would have otherwise developed.

4.      The Defendants developed, designed and conspired to implement a scheme that used fear, threats, intimidation, coercion and the withholding of charitable assistance from the Love family to silence and prevent the Plaintiff from reporting the rape and molestation to his family and to legal and/or medical authorities.

5.      Defendants' acts prevented the Plaintiff from seeking or acquiring medical treatment for the injuries caused by the Defendants.

6.      Defendants acts prevented the Plaintiff from presenting psychological evidence in his criminal case on the psychological impact of the rape and molestation when such evidence would have had a mitigating effect on the outcome of the criminal matter.

7.      Defendants violated the Mann Act by transporting the Plaintiff across states lines from Mississippi to Wisconsin and other states for the purpose of sexual exploitation of a minor.

8.      Defendants' acts are part of the systemic pattern of racial discrimination wherein underprivileged African American minors were targeted for sexual molestation and abuse.

9.      The Defendants conspired to and did silence the Plaintiff and other similarly situated minors thereby concealing and suppressing evidence of the systemic pattern of abuse.

## II.  JURISDICTION AND VENUE IS PROPER AS FOLLOWS

10.      Federal jurisdiction and venue are proper before this Court pursuant to federal question presented and based upon *The Civil Rights Act of 1964* and *The Civil Rights Act of 1893* and the *13th, 14th, and other Amendments of the U.S. Constitution* and other federal laws and/or regulations prohibiting racial and other forms of discrimination.

11.      This Court has subject matter over this matter pursuant to *28 U.S.C. § 1331* and the *Mann Act, 18 U.S.C. § 2421* et seq and *42 U.S.C. § 1985*; and

12.      Pursuant *18 U.S.C. § 2255* which provides that any person who, while a minor, was a victim of federal statutory violations as alleged herein may bring suit in any appropriate United States District Court for damages and other remedies for violations of federal statutes; and

13.      Pursuant to *28 U.S.C. § 1332* as the plaintiff resides in Tennessee and does not share a state of citizenship with any of the Defendants and the amount in controversy far exceeds $75,000.00; and

14.      The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant *28 U.S.C. § 1367*.

15.      Venue is proper as this District Court is a judicial district where the Defendants are subject to personal jurisdiction and the Court can exercise personal jurisdiction over the Defendants because they committed tortious acts within the state of Wisconsin; and

16.      Venue is proper pursuant to the *Wisconsin Long Arm Statute, WI Stat 801.05.*

## III. PARTIES

17.     Plaintiff, Raphael Love (Love), is a 32-year-old African American adult citizen of the United States who presently resides in the State of Tennessee where he is currently incarcerated for acts and/or conditions that have a psychological genesis that stems in part from the rape and molestation and sexual abuse inflicted upon the Plaintiff by the Defendants.

18.     Defendant Paul West (West) is a citizen of the United States who at all relevant times resided in the State of Wisconsin and was a Franciscan Brother and member of the Franciscan Friars Assumption BVM Province.

19.     Defendant Franciscan Friars Assumption BVM Province, Inc. (Franciscan Friars BVM) is a non-stock corporation organized and/or existing under the laws of the State of Wisconsin which is located in Milwaukee County and is an Order of the Catholic Church.

20.     At all times relevant, Defendant Franciscan Friars BVM was responsible in whole or in part for the operation, maintenance and staffing of Defendant St. Francis of Assisi Catholic School.

21.     Defendant St. Francis of Assisi Catholic School (St. Francis School) is, upon information and belief, organized and/or existing under the laws of the State of Mississippi and is located in the diocese of Jackson, Mississippi in the City of Greenwood, Mississippi in Leflore County.

22.     Defendant Catholic Diocese of Jackson (Diocese) is, upon information and belief, organized and/or existing under the laws of the State of Mississippi and, at all relevant times, employed, managed, supervised, directed and/or controlled the Brothers and/or Clerics assigned to work in the parishes, churches, schools and/or other units of the Catholic Church located and/or operating within the jurisdiction of the Diocese.

4

23. Defendant James Gannon (Gannon) is an adult citizen of the United States who, upon information and belief, resides in the State of Wisconsin and at all times relevant hereto was a member of the Franciscan Order.

24. At all relevant times, each and every Brother and/or Cleric assigned to the Diocese of Jackson by Franciscan Friars BVM, including West and Gannon, were agents, representatives, managers, directors, and/or employees of Franciscan Friars BVM.

25. At all relevant times, Gannon was the leader and Provincial Minister of the Franciscan Friars BVM.

26. At all relevant times, Gannon and West were agents, representatives, managers, directors and/or employees of St. Francis School, the Diocese and the Franciscan Friars BVM.

27. West, in his capacity as a cleric, spiritual leader, teacher and/or school principal at the St. Francis School, transported the Plaintiff to the State of Wisconsin from the State of Mississippi for the purpose of rape, molestation and sexual exploitation when the Plaintiff was a minor and an elementary student at St. Francis School.

28. The Defendants, including West and Gannon, created and forced the Plaintiff to live in a hostile environment and thereby denied him a safe and wholesome nondiscriminatory educational and living environment.

29. The conduct of West and Gannon is imputed to the other Defendants who negligently and/or intentionally aided and/or provided West and Ganon the means to commit the acts complained of herein.

30. West sexually abused and raped the Plaintiff on numerous occasions in the State of Wisconsin, the State of Mississippi and other locations when the Plaintiff was a minor.

31.     The Defendants acted in concert and/or in agreement to conspire to deprive the Plaintiff of the rights and benefits described herein and otherwise conspired to violate his constitutional rights.

## IV. BACKGROUND AND FACTS

32.     Raphael Love is a 32-year-old unmarried African American male who, at all times relevant, was a member of St. Francis of Assisi Church and an elementary student at St. Francis of Assisi Catholic School located in Greenwood, Mississippi.

33.     Love is the youngest of four children born to Linda Faye Love and Larry Donley. Both parents were murdered.

34.     Love and his sibling were raised by their maternal grandparents, Lou Alice and Eugene Bolden. The family was extremely poor. They resided in the Mississippi Delta, one of the most impoverished and racially oppressive areas of the country.

35.     The Mississippi Delta has a history of racial violence and oppression of African American. African American citizens have long been terrorized and continue to be denied equality of access to education, housing and the equal protection under the law.

36.     The environment set forth in paragraph 35 and others are the environments in which the Defendants used and carried out their racially-motivated scheme of terror, manipulation and control of the Love family.

37.     Lou Alice Bolden, the matriarch of the family, is and has been a faithful member of the St. Francis Church for more than fifty years during which time she has led Love, his sibling and others in the practice and attendance of the Catholic faith.

38.     Love was baptized at St. Francis of Assisi Church when he was 6 years old and attended St. Francis of Assisi Catholic School from preschool until about the sixth grade.

39.     Love, who was a vibrant playful and outgoing child, underwent a dramatic personality change after Brother Paul West began molesting and raping him. He became withdrawn, depressed, and isolated. He lost interest in school and failed the fourth grade twice.

40.     The Franciscan Order, headquartered in the State of Wisconsin, at all relevant times was responsible in whole or in part for the management, operation, personnel, students, and teachers at St. Francis School.

41.     The Franciscan Order had a duty to establish and maintain a nondiscriminatory educational environment for the students of St. Francis School.

42.     At all relevant times, West was a member of the Franciscan Order and was a Cleric, Brother, teacher and/or principal at the St. Francis of Assisi Catholic School who was responsible for the education, safety and wholesome environment of the minor Love and other similarly situated minors.

43.     At all times relevant, West created and subjected the Plaintiff to a hostile and racially discriminatory environment that deprived the Plaintiff of the rights, privileges and educational programs to which he was entitled and of the opportunity to receive the treatment for the injuries described herein.

44.     Defendants developed, implemented, and maintained a scheme designed to intimidate, coerce and force the Plaintiff to not disclose facts and evidence of the abuse inflicted on him by the Defendants to his parents, grandparents or any other persons or authority and said scheme did cause the Plaintiff to suffer extreme emotional distress.

45.     Defendants engaged in a racially designed and targeted scheme intended to deprive the Plaintiff and other African American victims of the same rights, privileges, considerations and benefits that the Defendants granted to non-African American victims who were similarly situated.

7

46.     Defendants conspired, coerced, manipulated and acted in concert to deceive, coerce, manipulate and force the Plaintiff and other African American victims to accept a nominal and unconscionable settlement when the Defendants knew that the amount was far below even the cost of the future treatment the Plaintiff's injuries would likely require and is unconsciously below reasonable compensation for the Plaintiff's injuries and was designed in bad faith to take advantage of the Plaintiff's underprivileged and impoverished condition.

47.     Defendants manipulated, deceived and groomed the Plaintiff and thereby forced him into a mental, spiritual and psychologically dependent condition whereby the Plaintiff and other African American minors became sex slaves of the defendants.

## V.  FIRST CAUSE OF ACTION:  SEXUAL ASSAULT AND BATTERY

48.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

49.     Defendants groomed, manipulated, deceived and thereby created a reliance by the Plaintiff and his family on the Defendants for financial, emotional, spiritual and psychological support.

50.     Defendants' acts of molesting, raping and falsely imprisoning the Plaintiff was a sexual assault upon his body and person and caused the Plaintiff great and permanent damages including but not limited to physical, psychological and emotional injuries.

51.     Plaintiff did not consent, as a minor could not consent, to the Defendant's molestation.

52.     Defendants' acts as set forth herein were and are the direct and proximate cause of the Plaintiff's injuries.

## VI.  SECOND CAUSE OF ACTION:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

54.     Defendants' conduct was directed to the Plaintiff and is an abuse of the Defendants' power and influence over the Plaintiff resulting in permanent and debilitating damage to him.

55.     Defendants' conduct was intentional, unreasonable and/or in reckless disregard for the safety of the Plaintiff and was conduct that was likely to and has resulted in extreme mental distress to the Plaintiff.

56.     Defendants' acts are a proximate cause of the Plaintiff's injuries.

## VII.  THIRD CAUSE OF ACTION:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

58.     Defendants' acts and conduct were grossly negligent and done in reckless disregard for the Plaintiff's safety and wellbeing and are a proximate cause of the Plaintiff's extreme emotional distress.

## VIII.  FOURTH CAUSE OF ACTION:  SUBJECTED PLAINTIFF TO HOSTILE ENVORIMENT

59.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

60.     Defendants' acts created a hostile environment that deprived Plaintiff of the educational opportunity and benefits and the social, mental and educational and life skills to which the Plaintiff was entitled.

## IX.  FIFTH CAUSE OF ACTION:  FALSE IMPRISONMENT

61.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

62.     Defendants restricted the Plaintiff's movement and required him to remain in a place isolated from others for hours at a time against his will while West molested and raped him.

9

## X.  SIXTH CAUSE OF ACTION:  RACIAL DISCRIMINATION

63.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

64.     Plaintiff is an African American male.

65.     Defendants' acts were intentional and motivated in part by racial discrimination.

66.     Defendant's conduct violated the Plaintiff's constitutional rights.

## XI. SEVENTH CAUSE OF ACTION:  DEFENDANTS DEPRIVED PLAINTIFF OF MEDICAL TREATMENT FOR THE ABUSE INFLICTED ON PLAINTIFF

67.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

68.     Defendants' coercion, intimidation and threats prevented the Plaintiff from obtaining the medical treatment he needed as a result of the actions alleged herein.

## XII.  EIGHTH CAUSE OF ACTION:  CONSPIRACY

69.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

70.     Defendants conspired and acted in concert and otherwise to deprive the Plaintiff of the rights and benefits to which he is entitled.

## XIII.  TOLLING OF STATUTE

71.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

72.     Defendants' acts set forth herein concealed, deceived, and withheld material information from the Plaintiff.

73.     Plaintiff is still not fully aware of the extent of the full effect of the Defendants' actions on the Plaintiff's life.

## XIV.  NINTH CAUSE OF ACTION:  PUNITIVE DAMAGES

74.     Plaintiff reasserts and incorporates the foregoing paragraphs of this Complaint.

75.     Defendants' acts were so outrageous and immoral that they offend the sense of public decency and Plaintiff pleads and is entitled to punitive damages.

## PRAYER

76.     Defendants' actions as set forth herein are the proximate cause of the Plaintiff

injuries; and the Plaintiff therefore PRAYS FOR RELIEF AND DAMAGES AS FOLLOWS:

> a.     General and special damages in amount to be proven at trial; and;
>
> b.     Punitive damages to be proven at trial; and;
>
> c.     Cost and attorney fees; and;
>
> d.     And other relief the court deems equitable and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.


Dated this 26th day of July, 2021.


BY:     *s/Phillip Aaron*
        _____
        Phillip Aaron
        Washington State Bar No. 6464
        To Be Admitted *Pro Hac Vice*
        **Phillip Aaron Law Firm**
        13910 SE 60th Street
        Bellevue, Washington 98006
        Phone:  206-323-4466
        Fax:  206-860-0564
        Email:  paaron4020@earthlink.net


BY:     *s/James S. Smith*
        _____
        James S. Smith
        State Bar No. 1011121
        Attorneys for Plaintiff
        **Smith & Rowen, S.C.**
        15460 West Capitol Drive
        Brookfield, Wisconsin 53005
        Phone:  262-783-6633
        Fax:  262-783-6655
        Email:  jsmith@smithrowen.com


11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF System.

BY:  *s/James S. Smith*
_____

James S. Smith, State Bar No. 1011121
Attorneys for Plaintiff

**SMITH & ROWEN, S.C.**
15460 West Capitol Drive
Brookfield, Wisconsin 53005
Phone: 262-783-6633
Fax: 262-783-6655
Email: jsmith@smithrowen.com